The judgment and conviction should be affirmed.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN, LANDON and CULLEN, JJ., concur.

Judgment of conviction affirmed.

---

CHATFIELD LEONARD, as Receiver of CURTIS A. BARNUM, a Judgment Debtor, Appellant, v. CURTIS A. BARNUM et al., Respondents, Impleaded with Another.

APPEAL — WHEN FINAL JUDGMENT SUSTAINING A DEMURRER AND DISMISSING THE COMPLAINT IS NOT APPEALABLE. A final judgment entered pursuant to section 1222 of the Code of Civil Procedure upon an order of Special Term sustaining a demurrer and dismissing the complaint upon the merits, after a reversal by the late General Term of a final judgment overruling the demurrer, the order of reversal giving the plaintiff leave to amend, which he failed to do, but which contained no direction for final judgment in case of his default, is not appealable to the Court of Appeals.

(Submitted June 17, 1901; decided July 10, 1901.)

MOTION for reargument. (See 167 N. Y. 595.)

LANDON, J. This was an appeal from a final judgment sustaining the defendant's demurrer to the complaint and dismissing the complaint upon the merits, with costs, entered in Otsego county November 9, 1900.

The defendant demurred to the complaint; the Special Term overruled the demurrer April 10, 1888, and gave defendant leave to answer. The plaintiff entered interlocutory judgment pursuant to the order; the defendant did not answer and plaintiff entered final judgment June 26, 1888. The defendant appealed to the General Term, fourth department; that court, after hearing the appeal, reversed the order, interlocutory and final judgments, and gave the plaintiff leave to amend his complaint within twenty days on payment of costs, but gave no direction for final judg-

ment in case of plaintiff's default. This order was entered November 13, 1888. The plaintiff did not amend his complaint, but procured the Special Term order, upon which, pursuant to section 1222, he entered the final judgment of November 9, 1900, from which he now appeals.

We have reviewed the grounds upon which we dismissed the appeal and now state them. The appeal must be one that could have been taken under the Code of Civil Procedure as it stood December 31, 1895, section 190. Actual determinations made at General Term of the Supreme Court were appealable under section 190, when they consisted of final judgments, affecting the title to real property, or if — and such is this case — the matter in controversy was not less than $500. So were interlocutory judgments entered upon the decision of a demurrer, provided the General Term should certify that the question arising therein was of sufficient importance to render a decision by the Court of Appeals desirable before proceeding further. Under sections 1336, 1350, actual determinations of the General Term, affirming an interlocutory judgment in the court below, or after the denial by the General Term of a motion for a new trial, were appealable after the subsequent entry of the final judgment in the court below. Such final judgment of the court of first instance gave effect to the actual determination of the General Term. As this is an appeal from a final judgment, we need not consider the appealability of orders. The final judgment must be one directed by the General Term, or its actual determination carried into effect in the final judgment subsequently entered in the court below in the cases mentioned in sections 1336, 1350.

The appellant cites *Caughey* v. *Smith* (47 N. Y. 248). That case arose under the old Code, and its exact conditions were afterwards covered by section 1336. It was not a reversal. If the plaintiff had entered the judgment and applied to the General Term before December 31, 1895, under subdivision 4 of section 190, for its certificate, he probably would have obtained it, and perhaps could with equal success

and effect, after that date, have applied to the Appellate Division for its allowance of the appeal and certificate under the present subdivision of section 190. He did neither, nor did he appeal from the last final judgment of the Special Term to the Appellate Division, and from thence here. Thus his appeal is not within any of the specified cases.

The motion should be denied, without costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Motion denied.