JOHN WILL, Appellant, v. CHARLES P. BARNWELL, Respondent.

**Appeal — appeal from final judgment, entered after reversal by Appellate Division of interlocutory judgment, cannot be taken directly to Court of Appeals.**

There is no authority to appeal to the Court of Appeals direct from a final judgment rendered in a civil action in a court of original jurisdiction, except as conferred by section 1336 of the Code of Civil Procedure. That section, so far as it relates to such appeals after affirmance of an interlocutory judgment, authorizes appeals only from final judgments rendered on *affirmance* of an interlocutory judgment and reversals are necessarily exluded.

Reported below, 130 App. Div. 906.

(Submitted January 3, 1910; decided January 18, 1910.)

MOTION to dismiss an appeal from a final judgment entered October 15, 1909, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer with leave to the plaintiff to plead over within twenty days upon payment of costs.

The motion was made upon the ground that an appeal from a final judgment entered without direction of the Appellate Division should be first taken to that court and not direct to the Court of Appeals.

This action was brought to recover damages for the alleged refusal of the defendant to comply with the terms of a judg-

ment of the Supreme Court requiring him to specifically perform a contract for the exchange of real estate. A demurrer to the complaint was overruled at Special Term with leave to the defendant to plead over on payment of costs, and an interlocutory judgment was entered accordingly on the 21st of October, 1908. The defendant appealed and the Appellate Division reversed with leave to the plaintiff to plead over within twenty days upon payment of costs. (130 App. Div. 906.) The plaintiff, without obtaining leave from the Appellate Division, appealed to the Court of Appeals from the order of reversal and this court dismissed the appeal on the 4th of May, 1909. (195 N. Y. 561.)

The plaintiff failed to plead within the twenty days allowed by the Appellate Division and moved at Special Term to compel the defendant to enter a final judgment dismissing the complaint, so that an appeal might be taken therefrom to the Court of Appeals, and on the 20th of September, 1909, the motion was granted. Final judgment was entered accordingly on the 15th of October, 1909, and on the first of November following, the plaintiff appealed to this court with notice of intention to bring up for review the order of the Appellate Division. The defendant now moves to dismiss that appeal.

*Daniel V. Murphy* for motion.

*Gordon F. Matthews* opposed.

VANN, J. This motion involves the interpretation of section 1336 of the Code of Civil Procedure, which is as follows: " Where final judgment is rendered in the court below, after the affirmance, upon an appeal to the Appellate Division of the Supreme Court, of an interlocutory judgment; or after the refusal, by the Appellate Division, of a new trial, either upon an application, made, in the first instance, at a term thereof, or upon an appeal from an order of the Special Term, or of the judge before whom the issues, or questions of fact, were tried by a jury; the party aggrieved may appeal directly from the

final judgment to the Court of Appeals, notwithstanding that it was rendered at a Special Term, or at a Trial Term, or pursuant to the directions, contained in a referee's report. But such an appeal brings up, for review, only the determination of the Appellate Division of the Supreme Court, affirming the interlocutory judgment, or refusing the new trial."

This section has been unfortunate in its practical effect. It was intended to save time and expense by allowing an appeal directly to the Court of Appeals from a final judgment rendered by the Special Term after the affirmance by the Appellate Division of an interlocutory judgment, or the refusal of a new trial by the Appellate Division, without the useless formality of a second appeal to the Appellate Division before an appeal could be taken to this court. Unfortunately, the legislature, for some reason that we cannot understand, limited the application of that part of the section relating to interlocutory judgments to cases of *affirmance* by the Appellate Division. Why cases of reversal should not also have been included we are unable to say, for convenience would have been promoted and time and money saved if the section had been given a general application. While there are not as many cases of reversal as of affirmance, there are enough to make uniformity and equal right of appeal desirable. The section has proved a pitfall to the bar, for it has been quite generally assumed that it applies to all final judgments rendered after an appeal to the Appellate Division from an interlocutory judgment. We have been compelled to dismiss many appeals taken to this court after a reversal by the Appellate Division, because the section does not authorize that practice and we are compelled to enforce it as it is written. The section has thus resulted in much injustice, which a careful reading thereof should have prevented. The object of this memorandum is to show the limited application of the section and to suggest the propriety of so amending it as to make the application general.

It will be observed that the section provides for two classes of cases: 1. Appeals to this court from final judgments

"rendered in the court below, after the *affirmance*" by the Appellate Division of an interlocutory judgment. 2. Appeals from final judgments rendered in the court below after the refusal by the Appellate Division of a new trial. In both classes the appeal brings up for review only the determination of the Appellate Division affirming the interlocutory judgment, or refusing the new trial. ..

We now have to do with the first class, and, as we have already said, that includes appeals only in cases of affirmance by the Appellate Division. " Affirmance" is the controlling word in the forepart of the section relating to that class. Reversals are necessarily excluded because they are not included. There is no authority to appeal to this court directly from a final judgment rendered in the court of original jurisdiction except as conferred by this section, which is limited to cases of affirmance, when an interlocutory judgment is involved. The provisions of the Constitution governing the jurisdiction of this court are observed by the further limitation that the appeal brings up for review only the determination of the Appellate Division. While the appeal is from a judgment rendered at Special Term, that is merely the form or method of reaching this court, for the substance is the authority to review the determination of the Appellate Division, and that can be done only "after the affirmance" by that court of an interlocutory judgment or the denial of a motion for a new trial. There is no right to appeal in a case of reversal, because the statute does not so provide. As was said by the chief judge in a recent case: " Where the Appellate Division reverses an interlocutory judgment and an order at Special Term is subsequently entered thereon, the unsuccessful party must go through the formality of another appeal to the Appellate Division, though in case of an affirmance he can appeal directly to this court from the judgment of the Special Term." (*McNamara* v. *Goldan*, 194 N. Y. 315, 319.)

In the case now before us the Appellate Division reversed the interlocutory judgment, and hence the plaintiff had no

right to appeal to this court. (*Leonard* v. *Barnum*, 167 N. Y. 595; *S. C.*, 168 N. Y. 41; *Abbey* v. *Wheeler*, 170 N. Y. 122; *Hollister* v. *Simonson*, 170 N. Y. 357.)

The appeal should be dismissed, with costs and ten dollars costs of motion.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Appeal dismissed.