STEMMLER v. ALSDORF et al. (No. 7207.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

1. MORTGAGES ⊙�019535—FORECLOSURE—RIGHTS OF PURCHASER—SETTLEMENT OF TAX LIENS.

Where a purchaser of land at the foreclosure sale took the land subject to the lien of the taxes and assessments against it, and thereafter made a settlement with the city, whereby he secured the release of the liens by the payment of a much smaller sum than the total amount due, the former owner of land cannot recover from the purchaser the difference between the amount of the settlement and the face of the liens.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1556; Dec. Dig. ⊙�019535.]

2. MONEY RECEIVED ⊙�01917—COMPLAINT—SUFFICIENCY.

A complaint alleging that defendant collected for the benefit of the plaintiff a sum of money which he refused to pay on demand, but not alleging an express promise to pay or facts from which the promise can be implied, is insufficient.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 54-61, 64-68; Dec. Dig. ⊙�01917.]

Appeal from Special Term, New York County.

Action by Theodore W. Stemmler against Edward J. Alsdorf and others. From an order overruling a demurrer to the complaint, interposed on the ground that it failed to state facts sufficient to constitute a cause of action, the defendants appeal. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

⊙�019For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Marinus Willett, of Jamaica, for appellants.
Merle I. St. John, of New York City, for respondent.

HOTCHKISS, J.   In the first cause of action it is alleged: That in December, 1870, one Bragaw was the owner of certain real property. That in December, 1870, Bragaw conveyed to Babette Stemmler, who gave back a purchase-money mortgage.   In June, 1873, Babette conveyed to trustees to sell and apply the proceeds as "in said deeds set forth."   That the trustees found it impossible to execute their trust, and brought an action to have that fact decreed, that they be discharged, and that a receiver be appointed.   That in August, 1875, a judgment to that effect was entered, and one Stevens appointed receiver, but thereafter died, and in June, 1895, Gitterman was substituted in his place.   In May, 1907, Gitterman filed his petition that he be appointed substituted trustee under the aforesaid deed of trust, and that, as such trustee, he be authorized to quitclaim to Casserly, subject to the purchase-money mortgage, and also subject to all taxes, assessments, and sales, which petition was granted by order duly entered.   In the meantime, Bragaw brought an action to foreclose his purchase-money mortgage, and in June, 1903, a decree of foreclosure and sale was entered, in pursuance of which, on December 18, 1908, the premises were sold to defendant Alsdorf, subject to "the liens of all valid taxes, assessments, water rates, and sales hereunder," which with interest to December 31, 1903, were recited in the decree to amount to $126,267.20.   In March, 1909, Alsdorf assigned his bid to defendant Anonymous Company, and on March 17th the referee's deed was delivered to that company, and on the next day it conveyed the premises to the defendant Cabinet Land Company.   In April, 1909, the referee's report was filed, showing that he had sold the property subject to taxes and assessments and had realized a surplus of $3,800. Between 1870 and 1898 the property, which was located in Long Island City, had been subjected to excessive taxes.   By chapter 686 of the Laws of 1904, one year after the decree of foreclosure was entered, and four years before the sale was had, the city was authorized to compromise with Long Island City property owners for back taxes, assessments, and sales.   In May, 1906, and again in May, 1907, "deponent" filed his petition under the act, and in May, 1906, Gitterman filed a similar petition.   But on or about March 19, 1909, the defendants, "or some one of them," had apparently accomplished a settlement with the city, for they then paid $77,245.75 in settlement of the $126,267.20 in taxes and assessments found to be due by the foreclosure decree—a difference of forty-nine thousand and odd dollars, which amount plaintiff claims to recover from these defendants, having by various means, all of which are alleged, succeeded to the interests of Babette Stemmler and Gitterman as trustee in the premises.

[1]   The theory of the complaint is that the purchaser at the foreclosure sale took the property charged with a lien for taxes and assessments in the sum of $126,267.20; and, inasmuch as he succeeded in settling with the city for a smaller amount, plaintiff is entitled to recover the difference.   It needs no extended argument to show that the law affords no basis for any such claim.   When the decree of fore-

closure was entered, the premises were subject to liens, as therein stated. The purchaser at the subsequent sale bought at his peril, and to him equally inured the right to resist the liens or any of them and to obtain whatever reduction he could. Whatever reduction he or his assignor so secured was in his own right and not in the right of plaintiff's predecessors in title.

[2] The second cause of action alleges that on or about a certain date the defendants received and collected to and for the benefit of the plaintiff forty-nine thousand odd dollars, which said sum the defendants retained and, though duly demanded, refused to pay. This is clearly insufficient, because no express promise is alleged, nor is any fact alleged from which an implied promise can be presumed. Van Santvoord's Pldgs. (2d Ed.) 259, 260.

The order appealed from should be reversed, with $10 costs and disbursements; and, inasmuch as the form of the motion below involved the issue of law raised by the attack on the demurrer (see Nat. Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, and cf. Godwin v. Liberty-Nassau Bldg. Co., 144 App. Div. 164, 128 N. Y. Supp. 791), the demurrer should be sustained, and the motion denied, with $10 costs, with leave to plaintiff to serve an amended complaint within 20 days after service of the order to be entered hereon upon payment of costs in this court and in the court below. Order filed. All concur.