BERNARD R. ROSE, Appellant, *v.* JOHN I. D. BRISTOL,
Respondent.

**Appeal — an appeal will not lie to this court from an order
of the Appellate Division affirming its own judgment of
dismissal.**

Where the Appellate Division dismissed the complaint in an action
and judgment of dismissal was entered in the county clerk's office and
thereupon plaintiff appealed therefrom to the Appellate Division,
which court entertained the appeal and affirmed its own judgment,
an appeal to this court from the judgment of affirmance brings up
nothing for review. (*Silverstein* v. *Standard Acc. Insurance Co. of
Detroit*, 221 N. Y. 332, followed.)

*Rose* v. *Bristol*, 175 App. Div. 934, appeal dismissed.

(Argued November 12, 1917; decided November 20, 1917.)

MOTION to dismiss an appeal from a judgment of the
Appellate Division of the Supreme Court in the first
judicial department, entered November 24, 1916, which
affirmed a judgment entered upon a prior order of said
Appellate Division in reversing an order of Special
Term denying defendant's motion for judgment on the
pleadings and granting said motion. (See 174 App.
Div. 15.)

*Edwin F. Valentine* for motion.

*William J. Bowman* and *Harold H. Bowman* opposed.

CARDOZO, J. The action is one by servant against
employer to recover damages for wrongful discharge.
The defendant's motion for judgment on the pleadings
was denied at Special Term. On appeal to the Appellate
Division, the order was reversed, and the complaint
dismissed. Judgment of dismissal was entered in the
office of the clerk of New York county on July 15, 1916,
and was served the same day.

The plaintiff could have appealed from that judgment directly to this court. He did not do so. He appealed from it to the Appellate Division, and thus asked that court to review its own judgment. The Appellate Division could properly have dismissed the appeal. We so held upon a similar state of facts in *Silverstein* v. *Standard Accident Ins. Co. of Detroit* (221 N. Y. 332). The only difference between that case and this, is that here the Appellate Division entertained the appeal, and affirmed its own judgment. It did that on November 24, 1916. At that time the plaintiff's right to appeal to this court from the earlier judgment had long since expired. He now appeals from the later judgment, the judgment of affirmance, and the question is whether the appeal brings up anything for review. We do not think it does.

We have said that the Appellate Division has affirmed its own judgment. It has heard and decided an appeal from itself. That is something which it had no power to do. It could, of course, have granted a re-argument, but neither in form nor in substance is that what it did. It did not reopen the earlier appeal; it heard a new one. It did not grant a favor; it yielded to a claim of right. It did not reconsider the merits; it affirmed the regularity of the judgment entered pursuant to its order. The pronouncement neither injured the plaintiff nor added to his rights. In such circumstances, the appeal to this court becomes an idle form. If we were to hear it, we could never reach the merits. The utmost that we could do would be to say that the Appellate Division should substitute a judgment dismissing the appeal for the present judgment of affirmance. That would not help the plaintiff, for the earlier judgment dismissing his complaint would stand. Nothing of substance, therefore, is involved in this appeal.

The defendant argues that under *Will* v. *Barnwell* (197 N. Y. 298); *McNamara* v. *Goldan* (194 N. Y. 315);

*Abbey* v. *Wheeler* (170 N. Y. 122) and *Leonard* v. *Barnum* (168 N. Y. 41) a second appeal to the Appellate Division was not only proper, but necessary. That is the same argument which was made and rejected in *Silverstein* v. *Standard Accident Ins. Co. of Detroit* (*supra*). There is no conflict between these cases. In the first group, the Appellate Division reversed an interlocutory judgment, but did not itself grant a final judgment. Either there was leave to amend, or else some other proceedings were to be taken in the court below (*Vose* v. *Conkling,* 159 App. Div. 201). In the *Silverstein* case, as here, the Appellate Division itself dismissed the complaint, and the judgment entered on its remittitur registered its mandate. In the one class of cases, a second appeal to the Appellate Division is necessary. In the other, it is not. Both classes of cases are, moreover, to be distinguished from cases falling under section 1336 of the Code of Civil Procedure. That section has no application where the Appellate Division reverses. It is limited to cases of affirmance (*Will* v. *Barnwell, supra*). Here the Appellate Division on the first appeal reversed, and the final judgment then rendered has never been disturbed.

The motion should be granted, and the appeal dismissed with costs, and ten dollars costs of motion.

Hiscock, Ch. J., Chase, Cuddeback, McLaughlin, Crane and Andrews, JJ., concur.

Appeal dismissed.