THEODORE W. STEMMLER, Appellant, v. EDWARD G. ALSDORF et al., Respondents.

Pleading — sufficiency of complaint in action for money collected and received by defendant for benefit of plaintiff and not paid to plaintiff — appeal — when interlocutory judgment of Appellate Division is one of reversal, plaintiff cannot appeal directly therefrom to Court of Appeals.

1. A complaint is sufficient which alleges in short and general form the receipt and collection by defendants of a sum of money in question for the benefit of plaintiff and that they retained and refused to pay over the same in spite of demand duly made.

2. Where an interlocutory judgment of the Appellate Division is one of reversal, the plaintiff cannot appeal directly to this court from the final judgment subsequently entered at Special Term and on that appeal bring up for review the interlocutory judgment under the provisions of section 1336 of the Code of Civil Procedure. It is necessary to pursue the ordinary course and appeal again to the Appellate Division and from its judgment there rendered to this court. But under this course of procedure it is essential if it is desired to review such an interlocutory judgment that it should be so specified in the notice of appeal. (Code Civ. Pro. § 1301.)

*Stemmler* v. *Alsdorf*, 172 App. Div. 908, affirmed.

(Argued October 28, 1918; decided November 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 8, 1916, which affirmed a final judgment sustaining a demurrer to and dismissing the complaint entered after reversal by said Appellate Division of an

order of Special Term overruling said demurrer. (See 167 App. Div. 663.)

The nature of the action and the facts, so far as material, are stated in the opinion.

*Yorke Allen* and *Merle I. St. John* for appellant. The second cause of action, for money had and received, is clearly sufficient. (*Betts* v. *Bache,* 14 Abb. Pr. 279; *Villiar* v. *Stern,* 24 Misc. Rep. 380; *Adams* v. *Lamson,* 59 Hun, 127; *Holmes* v. *Seaboard P. C. Co.,* 63 Misc. Rep. 82; 134 App. Div. 970; *Lewis,* v. *Clarke,* 163 App. Div. 971.)

*Halstead H. Frost, Jr.,* and *Marinus Willett* for respondents. The second cause of action set forth in the complaint is clearly insufficient. (*Mann* v. *Morewood,* 5 Sandf. 557; *Lawrence* v. *Wright,* 2 Duer, 673; *Hall* v. *Southmayd,* 15 Barb. 32; *Bulger* v. *Coyne,* 20 App. Div. 224; *Drake* v. *Cockroft,* 1 Abb. Pr. 203; *Byxbie* v. *Wood,* 24 N. Y. 607; *Allen* v. *Patterson,* 7 N. Y. 476.)

HISCOCK, Ch. J. In a complaint purporting to set forth two causes of action plaintiff sought to recover a sum of money from defendants on the theory that they had received and held said moneys for his benefit. The first count of the complaint set forth at length the facts which it was supposed by the plaintiff entitled him to a recovery. The second one alleged in short and general form the receipt and collection by defendants of the sum of money in question for the benefit of plaintiff and that they retained and refused to pay over the same in spite of demand duly made.

The defendants demurred to the statement of each purported cause of action as not alleging sufficient facts. The Special Term on motion overruled this demurrer but on appeal the Appellate Division took the view that the demurrer to each cause of action was well made and rendered an interlocutory judgment so adjudging

and giving the plaintiff leave to make and serve an amended complaint. Having declined to do this, final judgment was rendered against him.

In our opinion the demurrer to the first cause of action was properly sustained, whereas that to the second cause of action should have been overruled. In view of the affirmance which must be ordered of the judgment appealed from upon another ground it is unnecessary to point out at length the insufficiency of statement of the first purported cause of action. It has seemed of some importance, however, to indicate that we were unable to affirm the view of the Appellate Division that the allegations of the second cause of action were insufficient. The opposite seems to be quite clearly the case. (*Chapman* v. *Forbes*, 123 N. Y. 532.) The appellant, however, has failed to bring before us this error.

Inasmuch as the interlocutory judgment of the Appellate Division was one of *reversal*, the plaintiff could not appeal directly to this court from the final judgment subsequently entered at Special Term and on that appeal bring up for review the interlocutory judgment under the provisions of section 1336 of the Code. (*Abbey* v. *Wheeler*, 170 N. Y. 122; *McNamara* v. *Goldan*, 194 N. Y. 315.) It was necessary for him to pursue the ordinary course and appeal again to the Appellate Division and from its judgment there rendered to this court. But under this course of procedure it was essential if he desired to review the interlocutory judgment sustaining defendants' demurrer that he should so specify in his notice of appeal. (Code of Civil Procedure, sec. 1301.) The appeal simply from the final judgment only presented for consideration the question whether it was in accordance with the interlocutory judgment. He has failed to thus specify in his notice of appeal an intention to bring up for review the interlocutory judgment and, therefore, there is nothing for us to review, as the final

judgment concededly has been entered in accordance with the terms of the interlocutory judgment.

The judgment appealed from, therefore, should be affirmed, with costs.

CHASE, COLLIN, CUDDEBACK, CARDOZO and POUND, JJ., concur; ANDREWS, J., absent.

Judgment affirmed.