HARRIET E. NOBLE, Appellant, *v.* WILLIAM B. KENDALL, as Surviving Partner of the Firm of KENDALL & WHITLOCK, Respondent, Impleaded with Others.

Appeal — not authorized direct to Court of Appeals from final judgment entered upon reversal of interlocutory orders. .

An appeal cannot be taken direct to the Court of Appeals from a final judgment entered after a reversal by the Appellate Division of interlocutory orders of Special Term. Section 1336 of the Code of Civil Procedure does not apply. (*Will* v. *Barnwell*, 197 N. Y. 298; *Stemmler* v. *Alsdorf*, 224 N. Y. 426, followed; *Rose* v. *Bristol*, 222 N. Y. 11, distinguished.)

*Noble* v. *Kendall*, 182 App. Div. 801, appeal dismissed.

(Argued January 6, 1919; decided January 21, 1919.)

MOTION to dismiss an appeal from two orders of the Appellate Division of the Supreme Court in the first judicial department, entered May 3, 1918, the first of which reversed an order of Special Term overruling a demurrer to the complaint and sustained such demurrer and the second of which reversed an order of Special

43

Term denying a motion by defendant for judgment on the pleadings and granted said motion. Also appeal from the judgment entered June 15, 1918, upon said orders, dismissing the complaint.

*H. P. Coursen* for motion.

*Charles A. Winter* opposed.

*Per Curiam.* The motion to dismiss the appeal must be granted. The Appellate Division in reversing the action of the Special Term made two interlocutory orders, one sustaining defendant's demurrer to the complaint, and the other granting defendant's motion for judgment on the pleadings, and in each .case granted leave to the plaintiff to amend her complaint. The plaintiff having declined to avail herself of this privilege, final judgment was thereafter entered in the Supreme Court dismissing the complaint, with costs.

Under these circumstances the plaintiff could not appeal from the final judgment entered against her directly to this court.

The orders of the Appellate Division were interlocutory and, therefore, no appeal could be taken therefrom to this court without permission, which was not obtained. (Code Civ. Pro. § 190.)

The final judgment entered after the refusal of plaintiff to amend was not so entered after an *affirmance* by the Appellate Division of the orders of the Special Term overruling the demurrer and denying judgment on the pleadings, and, therefore, section 1336 of the Code permitting an appeal directly to this court does not apply. (*Will* v. *Barnwell,* 197 N. Y. 298; *Stemmler* v. *Alsdorf,* 224 N. Y. 426.)

The case of *Rose* v. *Bristol* (222 N. Y. 11), cited by the appellant as justification for her course, is not applicable. As was pointed out in that case, the judgment rendered by the Appellate Division was a final one dismissing the complaint and, therefore, the appeal could be and properly should have been taken directly to this court.

The motion should be granted and appeal dismissed, with costs and ten dollars costs of motion.

HISCOCK, Ch.. J., COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.; concur.

Appeal dismissed.