FRANCIS D. BOWNE, Plaintiff, v. ELIZABETH B. COLT,
Appellant,   and   JESSIE   D.   BOWNE,   Respondent,
Impleaded with Others.

**Appeal — appeal will not lie to Court of Appeals from final
judgment entered upon order of modification.**

There is no authority to appeal to the Court of Appeals directly
from a final judgment rendered in the court of original jurisdiction
except as conferred by section 1336 of the Code of Civil Procedure;
hence an appeal will not lie from a final judgment entered upon an
order of the Appellate Division modifying an interlocutory judgment.
(*Will* v. *Barnwell,* 197 N. Y. 298) followed.

*Bowne* v. *Colt,* 171 App. Div. 409, appeal dismissed.

(Submitted March 18, 1919; decided May 20, 1919.)

APPEAL from a final judgment entered March 30,
1917, and from an interlocutory judgment entered May
20, 1915, as modified by an order of the Appellate Division
of the Supreme Court in the first judicial department,
entered March 4, 1916.

*Walter E. Ernst* for appellant.

*William E. Carnochan* for respondent.

COLLIN, J.   At the outset there is necessarily pre-
sented a question of procedure.   The action is to secure
the partition of two parcels of real estate.   The principal
issue in the case was between Elizabeth B. Colt, a
daughter, and Jessie D. Bowne, the widow, of Robert
S. Bowne, and was whether or not the widow had an
estate for her life in an undivided one-third of all the
real estate involved.   The decision of the Special Term
was that she did not have the estate, and the consequent
interlocutory judgment, entered May 29, 1915, so
adjudged.   The Appellate Division, upon the appeal of
the widow, by its order modified or reversed the inter·

locutory judgment, in that it struck from it certain provisions and, by new conclusions of law, modified other provisions, and held that the widow had the estate. Upon and in virtue of the order of the Appellate Division and in conformity with it an interlocutory judgment was entered March 16, 1916. Subsequently, the referee, appointed by the interlocutory judgment for the purpose, sold the real estate, and filed the required report of his proceeding. Thereupon and on March 30, 1917, the final judgment, in the ordinary form, confirming the report of the referee, adjudging the completion of the sale and the distribution and disposition of the proceeds, was entered. An appeal to the Appellate Division from the final judgment has not been taken by any party. Elizabeth B. Colt, by her notice of appeal, has taken this appeal to this court from the final judgment of March 30, 1917, " as well as from each and every part of the interlocutory judgment entered herein on May 29, 1915, as modified by order of the Appellate Division,  *   *.  *."

We have not jurisdiction to entertain the appeal. There is no authority to appeal to this court directly from a final judgment rendered in the court of original jurisdiction except as conferred by section 1336 of the Code of Civil Procedure. We have recently declared such conclusion and the reasons for it. (*Will* v. *Barnwell*, 197 N. Y. 298.) Although it may be urged that the Appellate Division did not wholly reverse the interlocutory judgment, it is manifest that it did not affirm it.

The appeal should be dismissed, with costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Appeal dismissed.