RODGERS AND HAGERTY, INC., Respondent, v. THE BRUNSWICK MARINE CONSTRUCTION CORPORATION, Appellant.

First Department, June 13, 1919.

Pleading — complaint — action for money had and received — sufficiency of allegation of promise to pay.

A complaint substantially the same in its form and allegations with the old common or general count in assumpsit is in accordance with the fundamental principles of Code pleading and is good.

Accordingly a complaint alleging that the defendant became indebted to the plaintiff in a stated sum for money had and received by the defendant to the use of the plaintiff and that no part of said sum has been paid although payment was duly demanded before the commencement of the action, states a good cause of action.

While a mere allegation of indebtedness without an allegation of a promise to pay or facts from which such a promise can be inferred is not sufficient, the expression " to the use of the plaintiff " has a well-settled legal significance, and contains the implication of moneys held in a sense in trust which in equity and good conscience the defendant was required to pay to the plaintiff.

Merrell, J., dissented.

Appeal by the defendant, The Brunswick Marine Construction Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of January, 1919, denying its motion for judgment on the pleadings, consisting of an amended complaint and the answer thereto.

*H. Preston Coursen* of counsel [*Austin, McLanahan & Merritt*, attorneys], for the appellant.

*George H. Francoeur* of counsel [*Leslie, Francoeur & McMahon*, attorneys], for the respondent.

Smith, J.:

The motion challenges the sufficiency of the complaint. The complaint, as far as it is important to this discussion, reads as follows:

" *Third.* That on or about the 22nd day of April, 1918, in the Borough of Manhattan, City, County and State of New York, the defendant became indebted to the plaintiff in the sum of $5,000 for money had and received by the defendant to the use of the plaintiff, and that no part of said sum has been paid, although payment was duly demanded before the commencement of this action."

In Pomeroy on Code Remedies (4th ed. p. 584, § 436) the rule is stated that a complaint substantially the same in its form and allegations with the old common or general count in assumpsit is in accordance with the fundamental principles

of the new procedure and can now be regarded as good pleading. (See *Allen* v. *Patterson,* 7 N. Y. 476; *Hosley* v. *Black,* 28 id. 438; *Farron* v. *Sherwood,* 17 id. 229.)

In *Keyser* v. *Shafer* (2 Cow. 437) it is held: " A declaration in general *indebitatus assumpsit* in a justice's court is good, on general demurrer, though it contain neither time nor place, nor any request to pay."

In *Sharp* v. *Rose* (49 N. Y. St. Repr. 420) a policy of life insurance was assigned as collateral security for a debt, and the amount paid by the insurance company to the creditor. It was held that the surplus over the debt may be recovered by the estate of the insured in an action for moneys had and received. In that case the complaint read: " That on or about May 8, 1891, the defendant above named received and collected, to and for the use and benefit of said plaintiff, from the Mutual Life Insurance Company, the sum of $1,400, which said sum the defendant retains, and, though demanded, refuses to pay." Mr. Justice O'BRIEN, in writing for this court, states: " The form of action adopted in framing the complaint is the old common law form for money had and received," and further: " If there was any uncertainty or indefiniteness, though we fail to see how there could be, the defendant had his remedy. The complaint stated a good cause of action, and under such a form of action it has always been competent to prove that ' a person has money in his hands which belongs to another, no matter how he came into possession of it, and upon which he has no legal or equitable claim as against the true owner, and which he has no right to hold as against the true owner.' "

The case of *Sharp* v. *Rose* was affirmed upon the opinion of Mr. Justice O'BRIEN in 139 New York, 652.

In *Roberts* v. *Ely* (113 N. Y. 131), Judge ANDREWS, in writing for the court, says: " The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation."

Two cases are cited as holding a contrary rule. In *Tate* v. *American Woolen Company* (114 App. Div. 106) this court held that an allegation that the defendant was indebted to the plaintiff's assignor for money had and received is a mere conclusion of law, and does not state a cause of action.

Mr. Justice INGRAHAM, in writing for the court, says: " A conclusion of law is not the statement of a fact upon which a liability can be predicated. There is no allegation of a promise of the defendant to pay any money to McManus, and there is no presumption that the payment of a sum of money implies a promise to repay or imports an obligation to repay. The allegation is simply an allegation of indebtedness, and in the absence of a promise to repay, *or facts from which such a promise can be inferred,* no cause of action is alleged."

The case at bar is distinguishable from the case cited in the allegation that the moneys in the case at bar were had and received by the defendant *to the use* of the plaintiff. This expression " to the use of the plaintiff " has a well-settled legal significance, and contains the implication of moneys held in a sense in trust which in equity and good conscience the defendant was required to pay to the plaintiff. Another case cited is *Stemmler* v. *Alsdorf* (167 App. Div. 663). In that case it was held that an allegation that the defendants received and collected " to and for the benefit of the plaintiff " over $49,000, which said sum the defendants retained and, though duly demanded, refused to pay, is insufficient. The complaint in that case lacked the essential allegation in the common-law count for money had and received, that the moneys were received " to the use of " the plaintiff. Moneys might well be received " to the benefit " of the plaintiff from which no implied obligation would arise to repay the same. If, then, the common-law count upon *indebitatus assumpsit* is good pleading under the Code, this complaint contains all of the allegations that were ever required for such a count and from it can be implied all the facts necessary to constitute a good cause of action.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN and PHILBIN, JJ., concurred; MERRELL, J., dissented.

Order affirmed, with ten dollars costs and disbursements.