EDWARD B. REDMAN, Appellant, *v.* VERPLEX ART COMPANY, INC., et al., Respondents.

Appeal — Court of Appeals — Appellate Division — where Appellate Division itself directs final judgment sole remedy is appeal direct to Court of Appeals — where Special Term directs final judgment upon interlocutory order of Appellate Division appeal may be taken direct to Court of Appeals or again to Appellate Division.

1. Where the Appellate Division, in affirming an order of Special Term granting a motion by defendant for judgment on the pleadings, granted leave to plaintiff to serve an amended complaint and, plaintiff not amending, thereafter an application was made at Special Term for leave to enter final judgment, which was granted and final judgment was entered dismissing the complaint, the plaintiff had a choice of remedies. He might appeal directly to this court, in which event the only subject of review would be the interlocutory order. (Civ. Pr. Act, § 590.) He might appeal again to the Appellate Division, in which event the only subject of review would be the proceedings subsequent to the interlocutory order. (Civ. Pr. Act, § 619.) If those proceedings were confirmed, an appeal to this court with notice of intention to review the earlier proceedings would bring the entire record here.

2. If the Appellate Division had itself dismissed the complaint, the sole remedy would have been an appeal to this court. (*Leonard* v. *Barnum*, 168 N. Y. 41; *Abbey* v. *Wheeler*, 170 N. Y. 122, 130; *Mc-Namara* v. *Goldan*, 194 N. Y. 315; *Will* v. *Barnwell*, 197 N. Y. 298; *Baumert* v. *Malkin*, 231 N. Y. 509; *Silverstein* v. *Standard Accident Ins. Co.*, 221 N. Y. 332; *Rose* v. *Bristol*, 222 N. Y. 11, distinguished and explained.)

*Redman* v. *Verplex Art Co., Inc.*, 206 App. Div. 663, reversed.

(Argued January 7, 1924; decided April 1, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1923, which dismissed an appeal from a final judgment entered upon an order of Special Term directing a dismissal of the complaint.

*W. N. Seligsberg, Clarence M. Lewis* and *Donald Marks* for appellant. The Appellate Division should not have dismissed the appeal from the final judgment but should have passed upon the merits. (*Silverstein* v. *Ins. Co.,* 221 N. Y. 332; *Rose* v. *Bristol,* 222 N. Y. 11; *Vose* v. *Conkling,* 159 App. Div. 201; *Dwight* v. *Gibb,* 208 N. Y. 153; *Sauerbrunn* v. *Hartford Co.,* 220 N. Y. 363; *Gallagher* v. *Perot,* 203 App. Div. 651; *Raynor* v. *Raynor,* 94 N. Y. 248.)

*Leon Kauffman, Harry I. Stern* and *Frank I. Finkler* for respondents. The Appellate Division of the first department correctly disposed of the plaintiff's second appeal by dismissing the same. (*Silverstein* v. *Standard Accident Ins. Co.,* 221 N. Y. 332; *Rose* v. *Bristol,* 222 N. Y. 11; *Martin* v. *Platt,* 131 N. Y. 643; *McNamara* v. *Goldan,* 194 N. Y. 315.)

McLAUGHLIN, J. Both parties moved for judgment on the pleadings. The Special Term granted the defendants' and denied the plaintiff's motion. The plaintiff appealed to the Appellate Division, which affirmed, but gave plaintiff leave to serve an amended complaint within twenty days. Plaintiff did not amend, and at the expiration of that time an application was made to the Special Term for leave to enter a final judgment dismissing the complaint. Such leave was given, final judgment entered, and an appeal taken therefrom to the Appellate Division, which dismissed the same. From the order of dismissal the present appeal, by permission of this court, was taken.

I am of the opinion that the Appellate Division erred in dismissing the appeal. The dismissal was evidently upon the ground that the judgment appealed from was in effect a judgment of the Appellate Division. The final judgment dismissing the complaint was not a judgment of the Appellate Division, but of the Special Term entered

upon proof to that court of plaintiff's failure to amend. The plaintiff in such circumstances had a choice of remedies. He might appeal directly to this court, in which event the only subject of review would be the interlocutory order. (Civ. Prac. Act, § 590.) He might appeal again to the Appellate Division, in which event the only subject of review would be the proceedings subsequent to the interlocutory order. (Civ. Prac. Act, § 619.) If those proceedings were confirmed, an appeal to this court with notice of intention to review the earlier proceedings would bring the entire record here.

There is no conflict between *Leonard* v. *Barnum* (168 N. Y. 41); *Abbey* v. *Wheeler* (170 N. Y. 122, 130); *McNamara* v. *Goldan* (194 N. Y. 315); *Will* v. *Barnwell* (197 N. Y. 298), and *Baumert* v. *Malkin* (231 N. Y. 509), on the one hand, and *Silverstein* v. *Standard Accident Insurance Co.* (221 N. Y. 332) and *Rose* v. *Bristol* (222 N. Y. 11) on the other.

In the first group of cases the Appellate Division did not itself grant or direct the entry of a final judgment. Either there was leave to amend, or else some other proceedings had to be taken in the court below before final judgment could be entered. (*Vose* v. *Conkling*, 159 App. Div. 201.) That is the situation here. The statement in *Rose* v. *Bristol* (*supra*, at p. 13) that in such circumstances a second appeal to the Appellate Division is sometimes not only permissible, but necessary, must be read in the light of the statute in force at that time. The interlocutory order referred to was one of reversal, not of affirmance, and in such circumstances a direct appeal to this court from the final judgment of the Special Term was not permitted for the review of interlocutory proceedings till an amendment of the statute assimilated the practice upon reversal to the practice upon affirmance. (*Will* v. *Barnwell, supra;* Civ. Prac. Act, § 590.) What was said in *Rose* v. *Bristol* was correct at the time of the decision, but must be modified to-day as a guide to present

**478**   REDMAN v. VERPLEX ART CO., INC.

practice. The present rule is that whenever the judgment of the Special Term is based upon an interlocutory order of the Appellate Division, there is open to the aggrieved party the choice of remedies above stated.

In the second group of cases the Appellate Division itself dismissed the complaint, and the judgment entered on its remittitur was its judgment, and not the judgment of the Special Term. The sole remedy in such circumstances is by appeal to this court. (*Silverstein* v. *Standard Accident Ins. Co.*, supra; *Rose* v. *Bristol*, supra.)

The conclusion follows that in a case like the present one an appeal may be taken to the Appellate Division for the purpose of having that court review the proceedings which resulted in the final judgment. The mere fact that upon the second appeal the later proceedings may appear to be free from error, does not deprive that court of jurisdiction to review them. (*Leonard* v. *Barnum; Abbey* v. *Wheeler; Will* v. *Barnwell*, supra.)

On referring to the record on appeal in *Baumert* v. *Malkin* (*supra*) it will be found that the Appellate Division did not direct the entry of a final judgment dismissing the complaint. The Appellate Division reversed the interlocutory judgment of the Special Term overruling demurrers to the complaint, sustained the demurrers with leave to serve an amended complaint within twenty days on payment of costs, in default of which a final judgment was to be entered dismissing the complaint. The plaintiffs did not amend within the time named and this fact having been made to appear by affidavit to the clerk of the Supreme Court, a final judgment was entered by such clerk dismissing the complaint, with costs.

The order appealed from should, therefore, be reversed with costs, and the matter remitted to the Appellate Division to be considered upon the merits.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order reversed, etc.