JOSEPH DONOVAN *vs.* ELIZABETH R. DONOVAN.

Suffolk.   October 28, 1935. — March 30, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil*, New trial, Motion, Exceptions, Rules of court.

Exceptions, saved at the hearing of a motion for a new trial, which was granted, and allowed before the new trial, could not be entered in this court until the case otherwise was ripe for final judgment after the new trial.

Under Rules 2, 54 of the Superior Court (1932), the court at any time before judgment may extend the time for the filing and giving notice of a motion for a new trial based on the ground that the verdict was against the evidence.

Pendency of a motion for a new trial of which proper notice was not given was no bar to the hearing of a later motion which was properly filed and of which notice was properly given within an extension of time granted by the trial judge under Rules 2, 54 of the Superior Court (1932).

Failure at the close of a trial to move for a directed verdict was no bar as a matter of law to the granting of a motion for new trial on the ground that the verdict was against the evidence.

Rule 46 of the Superior Court (1932) does not forbid the hearing and determination of a motion to extend the time for the filing and giving notice of a motion for a new trial, although the motion is not verified by affidavit, if it relates to facts which are not in dispute and which had been before the trial judge at a hearing.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated December 8, 1932.

After removal to the Superior Court, the action was tried before *Morton*, J., and there was a verdict for the defendant.   After the granting of a motion for a new trial in circumstances described in the opinion, the action again was tried before *O'Connell*, J., who, after a verdict for the plaintiff in the sum of $3,401.11, reported the action for determination by this court.

The case was submitted on briefs.

*D. E. Irwin*, for the defendant.

*C. D. Driscoll & J. F. Meagher*, for the plaintiff.

RUGG, C.J.   A verdict was returned in favor of the defendant in this action of contract on June 7, 1934.   On the following day the plaintiff filed a motion to set aside the verdict.   He neglected to send a true copy thereof to the defendant or to the attorney for the defendant as required by Rule 54 of the Superior Court (1932), but instead mailed an unsigned copy to the attorney for the defendant. That was not a compliance with the rule.   *Thorndike, petitioner*, 244 Mass. 429.   Because of this failure to comply with the rule the defendant filed a motion to dismiss the motion for a new trial.   A hearing on those motions was had on June 23, 1934, but no decision was rendered.   At this hearing the plaintiff relied solely on the ground that the verdict was against the evidence and the weight of the evidence.   On June 25, 1934, the plaintiff filed a motion to extend the time for filing motion for new trial and for giving notice of such motion.   On September 7, 1934, the trial judge allowed that motion, and extended the time for filing such motion for new trial and for giving notice thereof until September 15, 1934.   The defendant excepted to the allowance of that motion.   The defendant also filed a motion to dismiss the motion of the plaintiff to extend the time for filing motion for a new trial.   Both motions of the defendant were denied subject to her exception.   The plaintiff on September 7, 1934, filed a motion for a new trial and mailed copy as required by the rule.   This motion was in substance the same as the one filed on June 8, 1934. Before the plaintiff's motion for a new trial was passed upon, the defendant filed a bill of exceptions covering the denial of her two motions and the granting of the plaintiff's motion to extend the time for filing a motion for new trial.   That bill of exceptions was allowed.

The motions for new trial were argued and on December 15, 1934, a new trial was granted for the first ground set forth in the motion of September 7, 1934.   That ground was that the verdict was against the evidence.   The defendant excepted to the allowance of this motion.   A second bill of exceptions was allowed covering that point.

The case then came on to be heard before another judge.

The defendant objected to proceeding to trial on the ground that her exceptions then pending touching the earlier stages of the case rendered the case not ripe for trial. This objection was overruled. At the close of the evidence, motion was made that a verdict be directed for the defendant on the same ground. This motion was denied. A verdict was returned in favor of the plaintiff. The judge presiding at the second trial reported the questions of law involved in his rulings. The parties desired all questions raised by the two bills of exceptions and by the report determined at the same time. To that end copies of all papers to which reference has been made are included in the present record and the parties have stipulated as to the final disposition of the case dependent upon the decision of the questions of law.

There was no error in the rulings made at the second trial. The two bills of exceptions relate to the setting aside of the verdict. Those exceptions, although properly allowed, could not be entered and heard by this court until the case had become otherwise ripe for final judgment, because the trial judge did not report the questions of law presented by them. Filing and allowance of these exceptions did not prevent or delay the progress of the case in the Superior Court. *Brooks* v. *Shaw,* 197 Mass. 376. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545. *Barnett* v. *Loud,* 243 Mass. 510. *Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128.

The judge presiding at the first trial had power to extend the time for the giving of notice of the first motion for a new trial. The plaintiff did not ask for that but sought extension of time for filing a new motion and giving notice thereof. The trial judge was authorized to grant that motion. The limitation of time to three days after verdict is subject to such extension. The trial judge was acting strictly within his jurisdiction in considering and granting the second motion for a new trial. Rules 2, 54 of the Superior Court (1932). *Whitney* v. *Hunt-Spiller Manuf. Corp.* 218 Mass. 318. *Boston Morris Plan Co.* v. *Barrett,* 272 Mass. 487, 490. *Friend Lumber Co. Inc.* v. *Armstrong Building Finish Co.* 276 Mass.

361, 369. The plaintiff had all rights under the second motion which he would have had if it had been filed within three days after verdict and proper notice had been seasonably given. The pendency of the earlier motion in the circumstances was no bar to the second motion.

A motion to set aside a verdict because against the evidence is quite different in substance from a motion for a directed verdict because of no evidence; failure to ask for a directed verdict is no bar to a motion for a new trial. The ground on which the verdict was set aside could not have been raised at the trial on the merits. *Niland* v. *Boston Elevated Railway*, 208 Mass. 476. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 276. *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 433. The principle of *Madden* v. *Boston Elevated Railway*, 284 Mass. 490, 495, is not relevant to these facts.

The circumstance that the motion of the plaintiff to extend time was not supported by affidavit did not prevent consideration of it by the trial judge. The motion related to facts which were not in dispute and had been before the trial judge at a hearing. Rule 46 of the Superior Court (1932). This rule is different in phraseology from earlier rules touching the same subject under consideration in *Borley* v. *Allison*, 181 Mass. 246, *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, and *Koch, petitioner*, 225 Mass. 148. The present rule enlarges the discretion of the trial judge to hear such motions.

The granting of a new trial rested in the sound judicial discretion of the trial judge. There is nothing to show abuse of that discretion. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 39. *Skudris* v. *Williams*, 287 Mass. 568, 571. *Restuccia* v. *Bonner*, 287 Mass. 592. Nothing in *Baker* v. *Briggs*, 8 Pick. 122, 126, or *Cunningham* v. *Magoun*, 18 Pick. 13, 15, prevented the setting aside of the verdict.

What has been said disposes of the case. It is not necessary to pursue in detail the highly technical argument of the defendant. The several motions by the defendant to dismiss motions filed by the plaintiff were not necessary. Such motions are irregular in all cases where the questions in issue

are open on the original motion. Every question in the case at bar could have been presented on the original motions. The requests for rulings need not be discussed one by one. No error is shown on the record.

The conclusion is that the rulings and refusals to rule made by the judge who presided at the first trial on the motions filed after the end of that trial, so far as disclosed on this record, were correct, and the new trial was granted in accordance with law. The rulings made by the judge at the second trial were right. Therefore, pursuant to the stipulation of the parties, the entry is

*Judgment for plaintiff on the verdict*
*at the second trial.*