CASTEX FIRE PROOF DOOR Co., INC., Plaintiff, *v.* BERNARD J. SHEFTMAN and Another, Defendants.

City Court of New York, Special Term, Bronx County, May 25, 1937.

*Leo Eckman*, for the motion.

*Bernard Sternlight*, opposed.

DONNELLY, J. Defendants move, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings with respect to the second cause of action alleged in the complaint.

In the second cause of action, it is set forth that in September, 1935, plaintiff and defendants entered into an agreement, whereby defendants agreed to collect certain outstanding accounts receivable of the plaintiff, from the proceeds of which defendants agreed to satisfy certain debts of the plaintiff and return the excess to plaintiffs; that defendants collected certain accounts receivable of the plaintiff, satisfied certain debts of the plaintiff and failed to turn over the balance, alleged to be the sum of $1,000, although due demand has been made by plaintiff of defendants.

It is urged by defendants in support of the motion, that, as rule 92 of the Rules of Civil Practice expressly provides that in pleading a contract action plaintiff must allege due performance of all conditions on its part to be performed, the failure to do so

is fatal. It is also contended that, although in the second cause of action attempt is made to allege a contract, it fails to allege the consideration for that contract, and, because of that omission, the part of the complaint embracing the second cause of action, is fatally defective.

As it is pleaded, the second cause of action has all the elements of an action for money had and received. In such an action, it is elementary that the law creates or implies a promise to pay, and assumpsit will lie to enforce this liability on the basis of the fictitious promise. (Shipman, Common Law Pleading [3d ed.], 162, 163, and cases cited; *Stemmler* v. *Alsdorf*, 224 N. Y. 426.) In *Rodgers & Hagerty, Inc.*, v. *Brunswick M. C. Corp.* (188 App. Div. 272) the complaint, which contained these allegations, was held sufficient: " That on or about the 22d day of April, 1918 * * * the defendant became indebted to the plaintiff in the sum of $5,000 for money had and received by the defendant to the use of the plaintiff, and that no part of said sum has been paid, although payment was duly demanded before the commencement of this action." Neither in the case just cited nor in *Stemmler* v. *Alsdorf* (*supra*) was there any allegation that plaintiff had " duly performed," etc., nor was there any allegation of consideration. Neither of said allegations is necessary in pleading a cause of action for money had and received.

Motion denied, with ten dollars costs.