*Northern District*

No. 5543

**ANN PATRICK**

**v.**

**RALPH MIKOLAITIS ET AL**

(December 4, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Darcy, J.,* in the District Court of Lawrence. No. 393 of 1960.

*Eno, J.* This is a petition to establish report, a claim for one having been dismissed by the trial judge.

■ *First,* this petition is premature since there is no appeal to an Appellate Division until the case is otherwise ripe for judgment. *Daniels v. Cohen,* 249 Mass. 362, 365.

Interlocutory and non-determinative rulings may be reported only by the trial judge as permitted by G. L. (Ter. Ed.) c. 231, §108.

■ Counsel for the defendant has argued that a demurrer, even when overruled is not an interlocutory matter and may be appealed. We do not agree with that contention. It is only when a demurrer is sustained and the case becomes ripe for judgment that it can be appealed.

In all the cases cited by the counsel for the defendant in his brief the demurrer was sustained and the case became ripe for judgment.

The only case we could find where the demurrer was overruled is *Treasurer of the City of Boston v. American Surety Company of New York,* 217 Mass. 507.

In that case the trial judge, upon overruling the demurrer to the declaration, improperly ordered judgment for the plaintiff

instead of making "an order relative to the filing of an answer", the case then became ripe for judgment and the defendant had the right to appeal. See *Keljikian v. Star Brewing Co.* ,303 Mass. 53, 56. See also the case of *Noble v. Kendall,* 225 NY 673 in which it was held that the overruling of a demurrer is an interlocutory matter.

This interlocutory matter must lie in the files of the Court until the time when a draft report upon matters relating to the merits including the action of the court on the demurrer, can be filed. *Weil v. Boston El. Ry. Co.,* 216 Mass. 545, 547; *Donovan v. Donovan,* 294 Mass. 94, 96.

*Secondly,* another and stronger reason for the dismissal of this petition is that the claim of report having been dismissed by the trial judge there is now no draft report in the files, such a draft report being a prerequisite to the establishment of a report. *Gallagher v. Atkins,* 305 Mass. 261, 263; *Murray v. Edes Mfg. Co.,* 305 Mass. 311, 312.

It is only when a draft report is disallowed that a petition to establish a report may be brought before an Appellate Division.

The petition is to be dismissed without prejudice.

Judge Northrup was present at the hearing of this matter, but because of his sudden illness, he took no part in this opinion.

Steinberg, Shaker & Lewis of Lawrence, for the Plaintiff.

Thomas E. Watman of Lawrence, for the Defendant.