*Western District*
No. 176018

## IRVING R. ROSENFIELD

v.

## HARLEY N. TROMBLEY

Argued: July 6, 1967 Decided: August , 1967

124

*Present:* Garvey, P.J., Moore, Allen, J.J.

Tried to: *Sloan, J.,* in the District Court of Springfield. No. 176018.

*Moore, J.* This is an action of contract in which the plaintiff seeks to recover rent allegedly due and owing. The defendant, through his attorney, appeared specially and filed a pleading entitled "Plea in Abatement" as follows:

> "The defendant, specially appearing under protest for the purpose of this plea and no other, says that this court has no jurisdiction of this case for the reason that the defendant was not at the time of the alleged service upon him, has not been since and is not now a resident of the City of Springfield nor of anywhere in the Commonwealth of Massachusetts, nor domiciled therein, and did not at the time of the alleged service upon him, has not had since and does not now have a usual place of residence in the said City of Springfield nor anywhere in the said Commonwealth as set forth in the plaintiff's writ and in the of-

ficer's return on said writ; that he did not have at the time of the alleged service upon him, has not had since and does not now have a tenant, agent or attorney within the said Commonwealth; but the defendant was at the time of the alleged service upon him and has been since and is now a resident of and domiciled in and within the State of Vermont, and further for the reason that no valid service upon the defendant of the plaintiff's writ in this case has been made. And in support of this plea, the defendant specifically alleges that he has no "last and usual place of abode at #72 Linden Street, Springfield."

Wherefore, the defendant prays that he may not be held to answer to the plain. tiff's writ and that this action may be dis missed."

The docket entries in this case show that the defendant's plea in abatement was overruled and later the case came to trial whereupon the trial judge found for the plaintiff in the sum of $200.00.

The defendant, having duly perfected its rights to a report to the Appellate Division and the case being ripe for judgment except for the pending request for a report on the correctness of the court's denial of the plea in abatement, the case is properly before us. G.L. c. 231, § 108. *Donovan* v. *Donovan*, 294 Mass. 94, 96. *Patrick* v. *Mikolaitis*, 22 Mass. App. Dec. 167.

■ There seems to be some confusion in this case caused by the terminology used by counsel for the defendant and the trial judge in the matter of the special plea and the disposition of the same. The pleading is entitled "Plea in Abatement" although the prayer therein is "that this action may be dismissed". If the pleading is considered a motion to dismiss, it is not a proper motion because it requires the proof of matters not of record. See *Detore* v. *Demers Bros., Inc.,* 15 Pick. Mass. 532. *Simonds* v. *Parker,* 1 Met. 508.

■ The trial judge states in his report that he denied the prayers of the defendant in the plea in abatement, whereas the docket entries show that the plea in abatement was overruled. In view of the fact that the plea sets forth facts, if proved, that would require as a matter of law the sustaining of a plea in abatement, we are treating it in its true nature as a plea in abatement. See *Gallo* v. *Foley,* 299 Mass. 1. Those facts which were not controverted were that the defendant, at the time of the commencement of this action was a resident in and an inhabitant of the State of Vermont; that no personal service was made upon him; and that no service was made upon any tenant, agent or attorney of his.

■ We believe that the court did not acquire any jurisdiction to render an *in personam* judgment against the defendant. *Rogan* v. *Liberty Mutual Life Ins.,* 305 Mass. 186, which

case involves a similar set of facts as the instant case. See *Elliot v. McCormick*, 144 Mass. 10.

The defendant in his brief stresses the argument that the attachment of the defendant's automobile was not effective because the written consent to attach was not endorsed on the writ as required by G.L. c. 223, § 44A, but was on a separate piece of paper later attached to the writ. We are cognizant of the practice in the District Courts that this consent is given by the judge signing a slip or form setting forth the consent *which is attached to the incorporated in the writ*. Naturally the attachment or incorporation of this signed consent must be made before the officer makes service or attaches any property under the writ. In our instant case, the reported evidence on the report does not indicate when this form was attached except the defendant in his brief says it was "later attached to the writ". We are left in doubt whether it was attached prior to or after the actual attachment by the officer. Also, there is no evidence, oral or in the affidavit that the car alleged to be attached was the property of the defendant. There was prejudicial error by the trial court in overruling the defendant's plea in abatement and, ordering judgment for the plaintiff. The order in this case should be:

Finding for plaintiff vacated. New trial only on the question of whether there was a

valid attachment of an automobile owned by the defendant and if so, finding and judgment may be entered for the plaintiff in the sum of $200.00 and costs. If no such attachment is found to have been made, then the entry shall be plea in abatement sustained.

For authority to order a new trial in part, see G.L. c. 231, § 108.

THOMAS A. BUCKLEY
of Springfield for the Plaintiff.
THOMAS J. O'CONNOR
of Springfield for the Defendant.