In the Matter of the Application of the City of New York, Respondent, Relative to Opening White Plains Road.

## Domestic Realty Company, Appellant.

Appeal — modification by Appellate Division — appeal may be taken without permission by party in whose favor modification is made — street closing proceedings — assignment of award — subsequent cancellation of assignment precludes assignee from prosecuting claim for interest on award — when Court of Appeals may consider question determined by Appellate Division but not appealed from.

1. An unanimous decision of the Appellate Division which in effect modifies an order of Special Term finally determining an action or special proceeding is appealable without permission to the Court of Appeals even where such modification is in favor of the party who desires to appeal. (Code Civ. Pro. § 190.)

2. Intermediate the commencement of street closing proceedings and the award, owners of abutting property by an instrument absolute and unqualified in its terms duly transferred and assigned to petitioner all of their claims for damages to be recovered in such proceedings, which assignment was received in evidence by the commissioners. An award was thereafter made to the original owners subject to such assignment. The assignee thereupon made a demand for payment of the sum awarded, with interest. Payment was not made and it subsequently appeared that the demand for interest had been disallowed. Thereafter the assignee executed an instrument canceling and discharging said assignment, and the owners having appointed said assignee their attorney in fact to collect and receive

the award, on presentation of said instruments and of affidavits the said original owners received through their said attorney in fact a warrant for the principal of the award which was recited to be " in full payment of above account except our claim for interest if any." The assignee by this proceeding seeks to compel payment to it of interest on the award. *Held*, that the language of the award fairly imported and notified the comptroller that an assignment had been made by the property owners to the petitioner of the award and that any ambiguity was readily removable by reference to the record of the proceedings wherein the assignment had been received in evidence; but that the cancellation executed by the assignee was as broad as the assignment and wholly annulled the latter and destroyed it as a basis for recovery by the petitioner of the award; that the claim for interest as an incident to principal fell with payment of the latter unless preserved by special circumstances or agreement and that the only preservation of a claim for interest was that in favor of the original owners, which did not preserve or sustain the petitioner's claim.

3. The fact that the Appellate Division rejected the view taken by this court as to the effect of the cancellation of the assignment and that the city has not appealed from its order does not preclude consideration of the question. So far as the Appellate Division, acting on the theory that the cancellation was not fatal, granted petitioner's application, such action is not subject to review. But when there obtrudes itself upon the consideration of this court a fact which in its judgment was a defense to the entire application it cannot avoid giving to it effect, so far as concerns the balance of relief which thus far has been denied to petitioner and which it is now seeking on appeal.

*Matter of City of New York (White Plains Road)*, 184 App. Div. 52, affirmed.

(Argued October 3, 1918; decided November 19, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 13, 1918, reversing in part an order of Special Term which denied a motion for an order directing payment of interest on an award in street opening proceedings.

The facts, so far as material, are stated in the opinion.

*Benjamin Trapnell* for appellant. An appeal lies to this court from the order of the Appellate Division herein,

because it finally determines a special proceeding and is an order of reversal. (*Matter of West 151st Street,* 222 N. Y. 37; *Matter of Edelmuth* v. *Prendergast,* 142 App. Div. 785; 202 N. Y. 602; *Matter of Board of Education,* 169 N. Y. 459.)   The appellant, at the date of its demand upon the comptroller, was the holder of a valid assignment of the award from the original owners, of which the city had notice; as such it was entitled to demand and enforce payment of the principal of the award; and its demand as made was effectual to put the city in default and to render it liable for interest pursuant to the provisions of the Street Closing Act.   (*Williams* v. *Ingersoll,* 89 N. Y. 508; *Lawrence* v. *Congregational Church,* 32 App. Div. 489; *Collins* v. *Vil. of Saratoga Springs,* 140 N. Y. 637.)   Assuming that notice to the comptroller of the assignment under which appellant claimed was essential in order to make good its demand of payment, actual and complete notice was given to the comptroller by the terms of the report of the commissioners confirmed by the Supreme Court.   (*Field* v. *City of New York,* 6 N. Y. 179; *Parker* v. *City of Syracuse,* 31 N. Y. 376; *People ex rel. Dannat* v. *Comptroller,* 77 N. Y. 45; *Jones* v. *Mayor, etc.,* 90 N. Y. 387.)

*William P. Burr,* Corporation Counsel (*Joel J. Squier* and *L. Howell La Motte* of counsel), for respondent.   This court is without power to review the decision of the Appellate Division upon an appeal by the Domestic Realty Company.   (Const. of New York, art. 6, § 9; Code Civ. Pro. § 190, subd. 1.)   No legal demand for the payment of the award for damage parcels Nos. 1 and 2 was filed with the comptroller, and consequently the city of New York is not liable for interest thereon. (*Matter of Edelmuth* v. *Prendergast,* 142 App. Div. 785; 202 N. Y. 602; *Matter of Minzesheimer* v. *Prendergast,*

144 App. Div. 576; 204 N. Y. 272; *Matter of City of New York* [*Delancey St.*], 136 App. Div. 546; 199 N. Y. 532; *Matter of Einstein,* 150 App. Div. 856; 208 N. Y. 588.) No demand for the payment of the sum of $830.63 was filed with the comptroller and consequently the city of New York is not liable for interest thereon. (*Matter of West 151st Street,* 222 N. Y. 370; *Matter of Edelmuth* v. *Prendergast,* 142 App. Div. 785; 202 N. Y. 602; *Matter of Minzesheimer* v. *Prendergast,* 144 App. Div. 576; 204 N. Y. 272.)

HISCOCK, Ch. J.   On September 20, 1899, Phebe V. S. Thorne and Harriet V. S. Thorne were owners of premises abutting what was known as the Old White Plains road.   On said date proceedings were instituted for opening a new road to take the place of that upon which their premises thus abutted and to close the latter and an order was made referring to the commissioners of estimate and assessment the duty of ascertaining the damages suffered by said property owners by reason of such discontinuance.   Said commissioners in due time entered upon the discharge of this duty and through quite a long period proceedings were conducted to ascertain the damages suffered by the above named and other property owners.   Intermediate the commencement of the proceedings and the award finally made it is said that the Thornes sold their land to petitioner, Domestic Realty Company, and on or about October 11, 1910, by an instrument absolute and unqualified in its terms they duly transferred and assigned to such petitioner all of their claims for damages to be recovered in the foregoing proceedings.   This assignment was duly received in evidence by the commissioners and thereafter the assignee appeared by attorney in such proceedings and gave evidence in support of its right to such damages under said assignment.   Thereafter an award was duly made

to the Thornes as " owners," " subject to an assignment to the Domestic Realty Company dated October 11, 1910." On November 17, 1914, a demand was made upon the comptroller of the city of New York in behalf of the assignee for the payment of the sum thus awarded with interest. Nothing seems to have been done in response to this demand until May, 1917, when in reply to a letter from the attorney for the assignee calling attention to the fact that warrants had been prepared for his client which included no interest on the award, a letter was written by the comptroller that the demand for interest had been disallowed pursuant to an opinion of the corporation counsel.

April 4, 1917, the Domestic Realty Company duly executed an instrument which after referring to the above assignment and the award stated: " Now, in consideration of the payment of the award with interest thereon by the City of New York or Phebe V. S. Thorne and Harriet V. S. Thorne, the receipt of which is hereby acknowledged, Domestic Realty Compnay hereby cancels and discharges said assignment." Shortly before this date each of the Thornes executed an instrument appointing the Domestic Realty Company her attorney in fact and in her name, place and stead to demand, collect and receive from the city of New York the award of damages above referred to and on April 6, 1917, on presentation of the foregoing instruments and of affidavits there was collected and received from the city by said Thornes through the Domestic Realty Company as their attorney in fact, a warrant for the principal of the award which was recited to be " in full payment of above account except our claim for interest if any." Thereafter and in March, 1918, there was presented the present petition which recited in substance the foregoing facts except that of the cancellation of the assignment from the Thornes to the petitioner and the execution of the powers

of attorney by the former to the latter and the collection thereunder of the principal of the award, and on which application was made to compel the city to pay interest on the award. This application was entirely denied by the Special Term but the Appellate Division made a decision whereby it was ordered that the order appealed from "be and the same is hereby reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, to the extent of requiring payment to the petitioner of the sum of $830.63," the latter being the amount of interest accruing on the award from the date when it was made to the date of confirmation and which was allowed in accordance with our decision in *Matter of City of New York (West 151st Street)* (222 N. Y. 370).

The first question presented to us is of practice and is the one whether without permission an appeal lies to this court from the unanimous decision of the Appellate Division rendered since the amendment of section 190 of the Code, adopted in 1917, limiting the right to appeal. As we construe the decision and order of the Appellate Division the latter is appealable without permission. We think that it in effect modified the order of the Special Term. It reversed it in part and while not explicitly thus so stating, otherwise affirmed it. This of course amounted to a modification, and for purposes of simplicity in practice we have interpreted literally the provisions of section 190 allowing an appeal without permission from an unanimous order or judgment of the Appellate Division affecting the proposed appellant where it modifies the order or judgment on review before it. We have not limited the language of the Code by holding that a "modification" by the Appellate Division of an order or judgment would not be regarded as giving the right to an appeal without permission where such modification was in favor of the person who desired to appeal as in this case. It was feared that such an interpretation of the Code would

at times lead to complications and uncertainties which might better be avoided by a literal application of the section.

Passing by this question we come to a consideration of the appeal on its merits. If such decision were controlling we should be inclined to hold that the refusal of the comptroller to allow interest on the award was not well made. On this appeal the full argument in justification of such refusal is that the award was made to the Thornes as owners; that the only source of authority for any other action in making payment was the report of the commissioners and the order confirming the same and that the comptroller had no such sufficient notice or knowledge of the assignment to petitioner as would have justified him in making payment on its demand.

While the Thornes were the owners of the property at the time the proceedings were instituted which resulted in the award so that the latter was properly made in their name, they had before the award was made executed a full and complete assignment thereof and while the award was still made in their names as owners it was distinctly and specifically made subject to such assignment. We think that this fairly imported and notified the comptroller that an assignment had been made by the property owners to the petitioner of the award. If, however, there was any ambiguity in the meaning of this language it was readily removable by reference to the record of the proceedings leading to the award where the city had been represented by counsel and wherein there had been received in evidence and held to be valid by the commissioners a full and complete assignment of the award. It very likely is also true that the comptroller, if still in doubt, might have required the assignee and claimant to supply him with a duly authenticated copy of the assignment and an affidavit establishing its

validity and that it was still in full force and effect.   No such request was made.

But while we agree with the appellant's contentions in this respect it seems to us that its application has been confronted by another obstacle which it has not surmounted.   This obstacle consists of the cancellation executed by it of the assignment of the award and the execution to and acceptance by it of powers of attorney by the Thornes to collect in their behalf such award.   An affidavit filed in opposition to the present application shows that this cancellation, the powers of attorney and affidavits of title were all filed with the comptroller in behalf of the Thornes at the same time and that thereupon the principal of the award was paid to the latter who receipted therefor in their names by the present petitioner as their attorney.

On its face this cancellation is as broad as the assignment and we are unable to see why it did not wholly annul the latter and destroy it as a basis for recovery by the petitioner of the award.   Even if we should accept the somewhat speculative view adopted by the Appellate Division concerning the substantial purpose and effect of this cancellation we fail to see how the present application for payment of interest could be successful.   It was thought by that court that the cancellation " took effect only to the extent that payment was made by the city, viz., as to the award but not as to this interest."   The claim for interest as an incident to principal fell with payment of the latter unless preserved by special circumstances or agreement.   The principal was paid with the acquiescence and through the act of petitioner to the Thornes. The only preservation of a claim for interest which we have been able to discover was through a clause in the receipt given by and in the names of the latter for the principal and this clause only stated that the sum received was " in full payment   *   *   *   except *our* (the Thornes)

claim for interest if any." This does not preserve or sustain the petitioner's claim.

It is briefly suggested in behalf of the appellant that the Appellate Division rejected this view of the effect of the cancellation of the assignment, and that the city not having appealed from its order there is no need for consideration of this question in this court. Apparently, the learned corporation counsel has been misled by the same idea for he is quite silent on the subject. This argument that the city is thus concluded is not well founded. So far as the Appellate Division, acting on the theory that the cancellation was not fatal, granted petitioner's application by an order which has not been appealed from by the city, such action is not subject to review by us. But when there obtrudes itself upon our consideration a fact which in our judgment was a defense to the entire application we cannot avoid giving to it effect so far as concerns the balance of relief which thus far has been denied to petitioner and which it is now seeking from us on appeal.

It is unnecessary to consider the question whether the Thornes might take advantage of the demand made by the petitioner as assignee as a basis for collecting interest on the award, for this proceeding is not instituted on any such theory. It is instituted by and in behalf of the Domestic Realty Company as assignee and the Thornes are not in any manner parties to it or claimants under it.

For these reasons we think the order should be affirmed, with costs.

CHASE, COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Order affirmed.