CORNELIUS GALLAGHER, Respondent, v. EDWARD S. PEROT and MINNIE B. JACKSON, as Executrix, etc., of GEORGE J. JACKSON, Deceased, Appellants.

Second Department, December 1, 1922.

Appeal — final judgment entered on interlocutory judgment after affirmance by Appellate Division — questions reviewable on appeal from final judgment to Appellate Division — questions reviewable on appeal from final judgment directly to Court of Appeals — questions reviewable on appeal to Court of Appeals from judgment of Appellate Division affirming final judgment — defendant can appeal from final judgment either directly to Court of Appeals or to Appellate Division but not to both courts.

On an appeal to the Appellate Division from a final judgment entered upon an interlocutory judgment which was affirmed by the Appellate Division, the appeal brings up for review only the proceedings to take the final judgment.

On an appeal directly to the Court of Appeals from said final judgment, the Court of Appeals is limited in its review to the determination of the Appellate Division affirming the interlocutory judgment.

On an appeal to the Court of Appeals from the judgment of the Appellate Division affirming said final judgment, the Court of Appeals will review all questions of law involved in the whole case raised by proper exceptions if the appellant specifies in his notice of appeal that he wishes to have the interlocutory judgment reviewed.

The defendants had the right, under section 590 of the Civil Practice Act, after the entry of the final judgment upon the interlocutory judgment which was affirmed by the Appellate Division, to appeal directly to the Court of Appeals from the final judgment, or they had the right, under section 619 of the Civil Practice Act, to appeal to the Appellate Division from said final judgment, and in case of affirmance thereof, to appeal from the judgment of affirmance to the Court of Appeals, but the two methods are inconsistent with each other and are exclusive and cannot be pursued at the same time, and, therefore, the final judgment having been affirmed by the Court of Appeals on an appeal directly to it, this appeal to the Appellate Division from the final judgment should be dismissed.

REARGUMENT of separate appeals by the defendants, Edward S. Perot and Minnie B. Jackson, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 14th day of January, 1922, as modified by

an order entered in said clerk's office on the 14th day of February, 1922. (See 203 App. Div. 863.)

The judgment was entered upon the decision of the court confirming the report of a referee appointed by an interlocutory judgment.

*Clarence G. Galston,* for the appellant Edward S. Perot.

*Selden Bacon,* for the appellant Minnie B. Jackson, as executrix, etc.

*Pierre M. Brown,* for the respondent.

YOUNG, J.:

The appeal before us is from the final judgment in this case, the interlocutory judgment having been heretofore affirmed by this court on April 9, 1920 (192 App. Div. 884). When the final judgment was entered herein on January 14, 1922, the defendants took the present appeal to this court, the notice of appeal being dated February 15, 1922. It appears that the defendants appealed to the Court of Appeals from the order of the Appellate Division affirming the interlocutory judgment, and *also appealed direct to the Court of Appeals from the final judgment entered January 14, 1922.*

On April 17, 1922, motions were made in the Court of Appeals to dismiss the appeal taken from the order of the Appellate Division affirming the interlocutory judgment and also to dismiss the appeal from the final judgment, and on April 25, 1922, the Court of Appeals granted the motion to dismiss the appeal from the interlocutory judgment on the ground that such appeal was unnecessary as said judgment might be reviewed on appeal from the final judgment, and the court denied the motion to dismiss the appeal from the final judgment. (*Gallagher* v. *Perot,* 233 N. Y. 603.)

Thereafter, on June 6, 1922, the appeal from the final judgment was argued in the Court of Appeals, and on July 12, 1922, the Court of Appeals affirmed the final judgment so appealed from. (*Gallagher* v. *Perot,* 234 N. Y. 516.)

It thus appears that the final judgment from which an appeal was taken to the Appellate Division on February 15, 1922, now before us, has already been unanimously affirmed by the Court of Appeals.

It is apparent that when this court affirmed the interlocutory judgment in this case on April 9, 1920, the defendants could not appeal to the Court of Appeals from that order of affirmance. It was not so appealable, and was for that reason dismissed in the Court of Appeals. After hearings were had before the referee

subsequent to the affirmance of the interlocutory judgment by this court and the entry of final judgment by the Special Term upon that report on January 14, 1922, two courses were open to the defendants. They had a right pursuant to section 1336 of the Code of Civil Procedure, now section 590 of the Civil Practice Act, to appeal directly to the Court of Appeals from the final judgment, which they did. But upon that appeal the Court of Appeals was limited in its review to the determination of the Appellate Division affirming the interlocutory judgment, or they might, under section 1350 of the Code of Civil Procedure and section 619 of the Civil Practice Act, appeal to the Appellate Division from the final judgment, which appeal would bring up for review only the proceedings to take the final judgment, and in case the Appellate Division should affirm that final judgment the defendants might then appeal to the Court of Appeals and by specifying in their notice of appeal that they wished to review the interlocutory judgment as well as the final judgment all the questions of law involved in the whole case and raised by proper exceptions could be passed upon by the Court of Appeals. This is undoubtedly the practice and has been recognized for a long time.

In *Raynor* v. *Raynor* (94 N. Y. 248, 250) it is said: " If upon the appeal from an interlocutory judgment to the General Term the judgment is affirmed, then the parties must go back to the Special Term and complete the further proceedings, and then final judgment may be entered upon the whole case. From the final judgment the party aggrieved thereby may, under section 1336, appeal directly to the Court of Appeals, in which case the appeal will bring up for review only the determination of the General Term affirming the interlocutory judgment; or he may, under section 1350, appeal to the General Term, which appeal will bring up for review only the proceedings to take the final judgment; and in case the General Term affirms the judgment, he may appeal to this court and here present for review all the questions of law involved in the whole case, and raised by exceptions taken at the proper time."

I think it is clear from this language that the Court of Appeals intended it to be understood that these two methods are inconsistent with each other and are exclusive. Pursuit of one constitutes an election to waive the other. I am convinced that it was never intended that both remedies might be pursued simultaneously. The purpose of the statute allowing an appeal to the Court of Appeals directly from a final judgment entered at Special Term is to permit a speedy review by the Court of Appeals of the interlocutory judgment, where there is no necessity or desire to

review the proceedings subsequent to the interlocutory judgment. It allows the direct appeal to the Court of Appeals without requiring the delay incident to an appeal to the Appellate Division, and a prompt and final determination of the action. Clearly this purpose could not be effectuated if it were intended that both methods of review might be adopted. Under such a construction of the statute, no delay would be obviated, and the result might lead to a conclusion which it seems to me could never have been intended, namely, an affirmance by the Court of Appeals of the final judgment and a reversal of the same judgment by this court. Such a situation would exist if we entertained the present appeal and reversed the judgment.

The appeal should, therefore, be dismissed, with costs.

BLACKMAR, P. J., RICH, KELLY and JAYCOX, JJ., concur.

Appeal dismissed on reargument, with costs. Permission will be granted to the appellants to appeal to the Court of Appeals, if they so desire.