ADELE T. SULTZBACH, Appellant, *v.* GEORGE F. SULTZBACH, Respondent.

*Appeal — interlocutory judgment — practice — practice on appeal from final judgment rendered after affirmance of interlocutory judgment — sections 588 and 590 of the Civil Practice Act construed and applied.*

On the motion of defendant the trial court granted an order dismissing plaintiff's complaint for insufficiency. Upon appeal, the Appellate Division affirmed the order but granted leave to plaintiff to serve an amended complaint within twenty days. Plaintiff having failed to do this, an order was entered by the Special Term, upon an affidavit showing this fact, which granted a final judgment of dismissal. From this final judgment, plaintiff has appealed, under the statute (Civ. Pr. Act, § 590), to this court without obtaining leave of the Appellate Division. The appeal brings up for review only the determination of the Appellate Division. This determination, however, was an unanimous affirmance, and the appeal therefrom not being one of the cases which may be brought to this court, under the statute (Civ. Pr. Act, § 588), after an unanimous affirmance, without leave being granted, either by the Appellate Division or by this court, the appeal must be dismissed. Section 588 of the Civil Practice Act must be read in connection with section 590, and although after the affirmance of an interlocutory judgment by the Appellate Division a party may appeal from the final judgment of the Special Term directly to this court (Civ. Pr. Act, § 590), yet if that interlocutory judgment

23

[238 N. Y. 353] Opinion, per CRANE, J. [June,

has been unanimously affirmed leave to appeal must be obtained and if the Appellate Division refuses such leave application should be made to this court. (*Redman* v. *Verplex Art Co., Inc.,* 237 N. Y. 475, followed Sultzbach v. Sultzbach, 208 App. Div. 767, appeal dismissed.

(Argued May 19, 1924; decided June 3, 1924.)

APPEAL from a judgment, entered March 20, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an order of Special Term granting a motion by defendant for a dismissal of the complaint.

*Henry G. Wiley* and *Myron Sulzberger* for appellant. The appeal is properly taken under section 590 of the Civil Practice Act. (*Gallagher* v. *Perot*, 233 N. Y. 603; *Noble* v. *Kendall*, 225 N. Y. 673; *Stemmler* v. *Alsdorf*, 224 N. Y. 426; *Will* v. *Barnwell*, 197 N. Y. 298; *Bowne* v. *Colt*, 226 N. Y. 658; *Dieterich* v. *Fargo*, 194 N. Y. 359; *Waldo* v. *Schmidt*, 200 N. Y. 199.)

*Maurice Smith* and *Henry Epstein* for respondent.

CRANE, J. The defendant made a motion to dismiss the complaint for insufficiency. The order granting the motion was affirmed by the Appellate Division, first department, which granted leave to the plaintiff to serve a further amended complaint within twenty days. Not having taken advantage of this permission an order was entered by the Special Term upon an affidavit showing this fact dismissing the complaint followed by a final judgment of dismissal and directing the payment of costs and disbursements as taxed.

From this final judgment the plaintiff has appealed to this court without obtaining leave of the Appellate Division. He did apply to the Appellate Division for leave to appeal before entry of final judgment, but leave was denied.

In the recent case of *Redman* v. *Verplex Art Company, Inc.,* (237 N. Y. 475, 476) we held that upon final

judgment being rendered as in this case there were two methods of review which a party could adopt. The opinion states: " The final judgment dismissing the complaint was not a judgment of the Appellate Division, but of the Special Term entered upon proof to that court of plaintiff's failure to amend. The plaintiff in such circumstances had a choice of remedies. He might appeal directly to this court, in which event the only subject of review would be the interlocutory order. (Civ. Prac. Act. sec. 590.) He might appeal again to the Appellate Division, in which event the only subject of review would be the proceedings subsequent to the interlocutory order. (Civ. Prac. Act, sec. 619.) If those proceedings were confirmed, an appeal to this court with notice of intention to review the earlier proceedings would bring the entire record here."

The appellant in this case has adopted the method of section 590. A final judgment has been rendered in the court below after the affirmance of an interlocutory judgment by the Appellate Division. He may, therefore, pursuant to that section appeal directly from this final judgment to this court. The appeal, however, brings up for review only the determination of the Appellate Division. This determination, however, was an unanimous affirmance. Section 588 of the Civil Practice Act specifies the cases which may be brought to this court after an unanimous affirmance without leave to appeal being granted, either by the Appellate Division or by this court. This case is not one of them. Section 588 must be read in connection with section 590. After an affirmance of an interlocutory judgment by the Appellate Division a party may appeal from the final judgment entered at Special Term directly to this court to bring up for review the interlocutory judgment, but if that interlocutory judgment has been unanimously affirmed leave to appeal must be obtained. In such a case, however, even though it be an interlocutory judgment that

is to be reviewed if the Appellate Division refuses leave, application may be made to this court. This is so because section 590 says a party may appeal to this court and bring up only the interlocutory judgment for review. We, therefore, have the right to grant leave in such a case. It is necessary for the appellant to procure leave either from the Appellate Division or from this court when the interlocutory judgment has been unanimously affirmed. This rule makes for the uniformity of practice. There is no reason why leave to appeal directly from the unanimous affirmance of an interlocutory judgment must be obtained from the Appellate Division (Civ. Prac. Act, § 588, subd. 3), while an appeal from a final judgment entered at Special Term which brings up for review solely such an unanimously affirmed interlocutory judgment may be taken without leave. The appellant here applied to the Appellate Division for leave to appeal which was denied. After the entry of final judgment it was unnecessary for him to apply to that court again, but he should have applied here. Not having obtained leave his appeal must be dismissed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Appeal dismissed.