In the Matter of EMIL KATZKA, an Attorney.— Upon reargument, order suspending respondent modified by providing for a suspension up to the time of the entry of the order herein instead of for a period of two years as therein provided, and as so modified affirmed.   Report of official referee confirmed to the extent indicated.   The original determination of this court, upon the petition and respondent's answer, was made upon the basis that respondent had continued " ambulance chasing " up to the time of the investigation ordered by this court. Upon the motion for reargument, and before the official referee to whom the matter was referred, respondent claimed that he discontinued the practice in March or April, 1927, before the agitation with reference to " ambulance chasing " had commenced.   In his original answer such claim was not fully and clearly made and grave doubts were left as to its reliability.   The official referee has found that the respondent did discontinue the practice as claimed, and the court finds that his conclusion is justified by the proof.   Upon presentation of proof as required by the order of suspension there should be nothing to stand between the respondent and his reinstatement.   Present — Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ.

## THIRD DEPARTMENT, NOVEMBER, 1929.

KATHERINE HILL, Individually and as Administratrix, etc., of FREDERICK BEYER, Deceased, Appellant, v. JACOB GROSS and Others, Respondents, Impleaded with EDNA HENDRICKSON and Another, Appellants.

PER CURIAM.   The judgment in partition is interlocutory.   (Cardozo, Jurisdiction of the Court of Appeals [2d ed.], § 78; Webster v. Webster, 243 N. Y. 520.)   When final judgment is rendered in the court below an appeal may be taken directly to the Court of Appeals (Civ. Prac. Act, § 590; Redman v. Verplex Art Co., Inc., 237 N. Y. 475; Gallagher v. Perot, 203 App. Div. 651, 654; affd., 235 N. Y. 561); the interlocutory judgment having been unanimously affirmed (and the motion for leave to appeal being hereby denied) no further motion need be made to this court for leave, but the application for leave to appeal from the final judgment may be made directly to the Court of Appeals and the interlocutory judgment may be reviewed if leave is granted.   (Sultzbach v. Sultzbach, 238 N. Y. 353.) Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.   Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.