FRED A. GAMBOLD, as Executor of CHARLES S. LAMPHEAR, Deceased, Respondent, *v.* GEORGE W. MACLEAN et al., as Executors and Trustees under the Will of KATHERINE L. MACLEAN, Deceased, Appellants.

(Argued September 29, 1930, decided October 14, 1930.)

*John A. V. Murphy* for motion.

*Herman A. Gray* opposed.

LEHMAN, J.   The defendants have appealed as of right from a decision of the Appellate Division, modifying and

affirming, as modified, a final judgment, entered in the court below, after a decision of the Appellate Division which unanimously affirmed an interlocutory judgment. The notice of appeal to this court from the final judgment states that the appellants intend to bring up for review the interlocutory judgment of the Supreme Court and the decision of the Appellate Division affirming that judgment. The respondent moves to dismiss the appeal so far as it attempts to bring up for review the interlocutory judgment and the decision of the Appellate Division affirming that judgment on the ground that " this court has no jurisdiction to review said interlocutory judgment, decision, * * * or judgment for the reason that the said Appellate Division by a unanimous decision affirmed the said interlocutory judgment * * * and that no appeal has been allowed either by the Appellate Division or * * * the Court of Appeals."

The Constitution of the State (Art. VI, § 7) has defined the jurisdiction of the Court of Appeals and the classes of cases in which an appeal may be taken, and it has provided that " The Legislature may further restrict the jurisdiction of the Court of Appeals and the right of appeal thereto." The Legislature in the Civil Practice Act, section 588, has provided for appeals in the classes of cases permitted by the Constitution. Other sections of the Civil Practice Act contain further provisions affecting appeals to this court. These sections cannot enlarge the constitutional restrictions upon the jurisdiction of the Court of Appeals and the classes of cases in which an appeal may be taken. Limitations contained in the definitions of the classes of cases in which an appeal may be taken to this court, embodied by the Legislature in section 588 of the Civil Practice Act, in obedience to the mandate of the Constitution, must be read into any other sections of that act which in terms authorize an appeal to this court. So we held in *Sultzbach* v. *Sultzbach* (238 N. Y. 353).

Until a final judgment has been entered a judgment of the Appellate Division affirming an interlocutory judgment does not finally determine the action and no appeal to the Court of Appeals may be taken except " where the Appellate Division allows the same." (Civ. Prac. Act, § 588, subd. 4.) A complete determination of the validity of the final judgment entered in the court of original jurisdiction after the affirmance of the interlocutory judgment by the Appellate Division requires consideration of the correctness of both the interlocutory judgment and the proceedings taken after the interlocutory judgment has been affirmed by the Appellate Division. An appeal to the Appellate Division from a final judgment taken, after the interlocutory judgment has been affirmed, brings up for review " only the proceedings to take the final judgment, or upon which the final judgment was taken." (Civ. Prac. Act, § 619.) The Appellate Division may not again review the interlocutory judgment. If the aggrieved party complains only of the previous decision of the Appellate Division affirming the interlocutory judgment and seeks a review only of that decision, an appeal from the final judgment to the Appellate Division would be without purpose, except to create a conduit by which the decision of the Appellate Division, affirming the interlocutory judgment, might be brought to· this court for review. In such circumstances the aggrieved party may avoid the useless appeal to the Appellate Division by appealing from the final judgment directly to this court which then may review only the determination of the Appellate Division affirming the interlocutory judgment. (Civ. Prac. Act, § 590.)

Though the Constitution does not, in terms, permit an appeal direct to this court from a judgment of a court of first instance except as provided in article VI, section 7, subdivision 3, since upon an appeal to this court taken in accordance with section 590 of the Civil Practice Act, this court may review only the determination of the

Appellate Division, we have regarded the appeal as one taken from such a determination. It follows that the right to appeal is subject to the constitutional and statutory restrictions which apply to all appeals from a decision of the Appellate Division. Where the decision appealed from is a unanimous affirmance it may be taken only by leave either of the Appellate Division or the Court of Appeals. (*Sultzbach* v. *Sultzbach, supra.*)

In the case now under consideration the aggrieved party has chosen to appeal to the Appellate Division from the final judgment. That court has reviewed the proceedings upon which the final judgment was taken and has modified the final judgment. From the judgment entered upon the decision of the Appellate Division the aggrieved party may appeal as of right to this court as he may appeal from any other judgment entered upon a decision of the Appellate Division which finally determines an action " where the judgment  *  *  *  is one of reversal or modification." (Civ. Prac. Act, § 588, subd. 1.) Concededly, no restriction upon the right to appeal to this court contained in statute or Constitution qualify or condition that right. The question presented here is not whether the defendants have a right to appeal from the judgment of modification without leave previously granted, but whether upon that appeal this court is precluded from reviewing the unanimous decision of the Appellate Division affirming the interlocutory judgment which forms the basis of the final judgment appealed from.

Though upon the appeal to the Appellate Division from the final judgment its review was limited to proceedings taken after the affirmance of the interlocutory judgment, it is expressly provided by section 603 of the Civil Practice Act that " on an appeal to the Court of Appeals from the determination of the Appellate Division upon the appeal from the final judgment, the determination of the Appellate Division affirming the interlocutory judgment

\* \* \* may, at the election of either party, be reviewed thereupon." (See *Redman* v. *Verplex Art Co., Inc.*, 237 N. Y. 475.) The right to elect to bring up for review an interlocutory determination of the Appellate Division, where an appeal is properly taken from a final judgment, is not expressly limited by any section of the Constitution or Civil Practice Act. We find no basis for any inference that the Legislature intended that limitations upon the right to take an appeal to this court are impliedly annexed to the right to bring up for review, upon an appeal from a final judgment, an interlocutory judgment which affects the validity of the final judgment. Certainly, nothing we said or decided in *Sultzbach* v. *Sultzbach* (*supra*) supports the respondent's contentions.

The provisions of the Constitution and the Civil Practice Act which define the class of cases where an appeal may be taken by leave of the court are not in true sense restrictions upon the right of appeal, but are rather grants of such right. In a case where a judgment or order is entered upon a decision of the Appellate Division, which finally determines an action or special proceeding, the appeal comes within the definition of the class of cases in which it may be taken as of right, if " the judgment or order is one of reversal or modification." (Civ. Prac. Act, § 588, subd. 1.) An appeal from a final judgment or order " which is not appealable under subdivision one," may be taken where leave to appeal is granted. (Civ. Prac. Act, § 588, subd. 5.) The provisions of the Constitution embodied in section 588 of the Civil Practice Act create mutually exclusive classes in which an appeal may be taken either of right or by leave of the court. The provision that an appeal may be taken from a final judgment or order which is not appealable as of right can constitute no limitation or restriction upon the previous definitions of those final orders or judgments which are appealable as of right.

An appeal may be taken as of right from every order

or judgment entered upon the decision of the Appellate Division which finally determines an action or special proceeding " where one or more of the justices  *  *  *  dissents from the decision of the court  *  *  *  or where the judgment  *  *  *  is one of  *  *  *  modification." (Civ. Prac. Act, § 588, subd. 1.) The modification may have been in favor of the appellant; the dissent may have been confined to parts of the judgment or order by which he is not aggrieved. From such a judgment an appellant may appeal as of right, though the decision of the Appellate Division may constitute a unanimous affirmance of every part of the order or judgment appealed from by which the appellant is aggrieved. (*Matter of City of New York* [*White Plains Road*], 224 N. Y. 454; *Bishop* v. *New York Times Co.*, 230 N. Y. 612; *Boyce* v. *Greeley Square Hotel Co.*, 223 N. Y. 568.) The review of the judgment by this court upon an appeal taken as of right is no more restricted than if the appeal were taken by leave of the court.

We can see no substantial distinction between a case where the Appellate Division has modified a final judgment entered after an interlocutory judgment was unanimously affirmed and a case where the Appellate Division has unanimously modified the final judgment upon an appeal in which the interlocutory judgment was brought up for review and approved by the court. In both cases the Appellate Division has unanimously affirmed the interlocutory judgment; in both cases a party aggrieved by the final judgment as modified may take an appeal to this court as of right; in both cases upon an appeal so taken either party may elect to bring up for review the interlocutory judgment which forms the basis of the final judgment.

The Constitution and the Civil Practice Act make provision, by which in proper cases leave to appeal may be granted where no appeal may be taken as of right. They make no provision by which leave to appeal may be

granted by this court from any interlocutory judgment or order. By plain intendment and express language, subject to no implied restriction, the law provides that upon an appeal properly taken from a final judgment, this court shall, if an appellant so elects, review an interlocutory decision of the Appellate Division which affects the validity of the judgment from which the appeal is taken.

The motion to dismiss the appeal as to the interlocutory judgment should be denied, with costs.