EVA MACOMBER and Another, Individually, and MAUDE WILLIS and Another, as Administrators, etc., of ROSS WILLIS, Deceased, Respondents, *v.* FRANK STERLING and Another, Appellants, Impleaded with SARAH STERLING and Others, Defendants.

Fourth Department, November 12, 1930.

*Charles D. Thomas,* for the appellants.

No appearance by other parties.

SEARS, P. J. The plaintiffs' intestate brought this action for the partition of real property. An answer was interposed by these appellants and by other defendants, and after a trial a decision was filed by the learned trial justice making all the findings of fact upon the issues necessary for an interlocutory judgment of partition, but also concluding as matter of law that the action was barred by the ten-year Statute of Limitations (Civ. Prac. Act, § 53) and directing judgment dismissing the complaint upon the merits. Such a final judgment of dismissal was entered. On appeal to this court (224 App. Div. 647) this judgment was reversed on the law and an " interlocutory judgment of partition and sale " ordered in accordance with the findings already made. Thereupon there was entered in the county clerk's office a judgment for costs which contained the following: "Adjudged that the plaintiff * * * is entitled to an interlocutory judgment of partition and sale," but this judgment did not otherwise direct partition or sale. An appeal to the Court of Appeals from this judgment of the Appellate Division was dismissed by that court on the ground that the judgment appealed from was not final (253 N. Y. 600). The matter was then brought by the plaintiff before the Special Term and a judg· ment of partition and sale granted in accordance with the order of the Appellate Division. It is from this judgment that the present appeal is taken to this court.

When a judgment is ordered by the Appellate Division, and pursuant to the order the county clerk enters the judgment in his office, such judgment so entered in the county clerk's office is the judgment of the Appellate Division. (Civ. Prac. Act, § 621.) Here the judgment first entered was incomplete and application was made to the Special Term, but the Special Term then had nothing before it but the order of the Appellate Division and granted judgment upon that order. The judgment thus entered was not a judicial determination of the Special Term. That court merely performed a ministerial act. The judgment was in the form which should originally have been employed. In fact, it seems that under section 621 of the Civil Practice Act the judgment as finally entered might have been ·entered by the county clerk without the intervention of the Special Term. The Appellate Division cannot hear an appeal from its own judgment. What

was said by Judge Cardozo in his opinion in *Rose* v. *Bristol* (222 N. Y. 11) would be applicable here if we heard and determined this appeal: " He appealed from it to the Appellate Division, and thus asked that court to review its own judgment. The Appellate Division could properly have dismissed the appeal. We so held upon a similar state of facts in *Silverstein* v. *Standard Accident Ins. Co. of Detroit* (221 N. Y. 332). * * * We have said that the Appellate Division has affirmed its own judgment. It has heard and decided an appeal from itself. That is something which it had no power to do. It could, of course, have granted a reargument, but neither in form nor in substance is that what it did. It did not reopen the earlier appeal; it heard a new one. It did not grant a favor; it yielded to a claim of right. It did not reconsider the merits; it affirmed the regularity of the judgment entered pursuant to its order." The principles upon which we make this determination flow naturally from the nature of appellate review and are wholly consistent with the provisions of the Civil Practice Act. (Van Bergh on N. Y. Ct. App. Juris. & Prac. § 96.)

The appellants in their brief state that this appeal is an intermediate step necessary for a review by the Court of Appeals. We do not so consider it. It is true that sections 590, 603 and 619 of the Civil Practice Act do not exactly cover the present situation. If the judgment of reversal here appealed from is final (*Morris* v. *Morange*, 38 N. Y. 172; Van Bergh on N. Y. Ct. App. Juris. & Prac. § 63), an appeal from it could have been taken to the Court of Appeals. (Civ. Prac. Act, § 588, as amd. by Laws of 1926, chap. 725, and correlated sections. See Van Bergh on N. Y. Ct. App. Juris. & Prac. §§ 70–74, 76, 82, 95, 96.) If it is interlocutory, direct appeal to the Court of Appeals would have been dependent on permission from the Appellate Division. (Civ. Prac. Act, § 588, subd. 4, as amd. by Laws of 1926, chap. 725.) Application for such permission must be made within the time limited by section 591 of the Civil Practice Act. Appellants are never entitled, as matter of right, to have a judgment which is not final reviewed by the Court of Appeals before the entry of final judgment (*Gambold* v. *MacLean*, 254 N. Y. 357).

The appeal should be dismissed, without costs.

All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

Appeal dismissed, without costs of this appeal to either party.